EBEN W. LOTHROP & others *vs.* GREENFIELD STOCK AND MUTUAL FIRE INSURANCE COMPANY.

A policy of insurance issued by a mutual insurance company, under the conditions and limitations expressed in the by-laws thereto annexed, one of which provides that the policy shall become void, "if the assured shall neglect, for the term of thirty days, to pay his premium note, or any assessment thereon, when requested to do so, by mail or otherwise," is rendered void by the neglect of the assured to pay the amount of an assessment upon his premium note, for thirty days after a written request for payment, prepaid, duly directed, and deposited by the company in the post-office, in due course of mail, would ·reach the place of his residence, as set forth in the policy, whether he received such request or not.

CONTRACT on a policy of insurance upon the dwelling-house of James Simpson, of Roxbury, issued by a mutual insurance company, "under the conditions and limitations expressed in the by-laws" annexed to it. The sixteenth by-law provided that the policy should become void for various causes, the last of which was, "If the assured shall neglect, for the term of thirty days, to pay his premium note, or any assessment thereon, when requested to do so, by mail or otherwise." The policy was made payable in case of loss to the Chelsea Loan Fund Association, of which the plaintiffs were trustees. After the policy was issued, Simpson went to Pittsburg, Pennsylvania, to obtain employment temporarily, as a mechanic, and while there assessments, to the amount of $7.64, were laid, and the house was destroyed by fire. The defendants introduced evidence to prove that they deposited in the post-office at Greenfield, about four months before the loss, a prepaid notice of the

assessments upon the premium note, with a request for the pay
ment of the same, addressed to the assured, at Roxbury ; and
the plaintiff introduced evidence to show that he never received
the notice. *Allen,* C. J. ruled that the defendants must prove
that the assured, or his agent, if he had any, received the no-
tice, or the plaintiffs would be entitled to recover. The jury
returned a verdict for the plaintiffs, and the defendants alleged
exceptions.

*H. G. Parker,* for the defendants, cited, as to the construction
of the by-law, *Munn* v. *Baldwin,* 6 Mass. 316 ; *Shed* v. *Brett,*
1 Pick. 401 ; *Wood* v. *Corl,* 4 Met. 203 ; *Eagle Bank* v. *Hatha-
way,* 5 Met. 212 ; *Jones* v. *Sisson,* 6 Gray, 288 ; *Wakefield* v.
*Lithgow,* 3 Mass. 249 ; *Warwicke* v. *Noakes,* Peake, 67 ; *Haw-
kins* v. *Rutt,* Ib. 186 ; *Kington* v. *Kington,* 11 M. & W. 233 ;
*Walter* v. *Haynes,* Ry. & M. R. 149 ; *Gordon* v. *Strange,* 1 Exch.
477.

*L. Shaw, Jr.,* for the plaintiffs. The word " requested " im-
plies a communication of what is desired to another, and the
phrase " when requested by mail" does not change the mean-
ing of the word ; and the reception of the notice is necessarily
involved in the request. There is no general rule of law, that,
in all cases where a request for payment must be proved, evi-
dence that such request was mailed, directed to the person to
be requested, at his residence, is conclusive evidence of the
request ; if this were so, it would apply to many other notices
equally with this, as, for example, a demand to put an account
on interest, a demand to prove a conversion, a mortgagor's de-
mand for an account, in order to affect costs, a demand for rent,
&c. The notice to an indorser of a note is exceptional. The
present case is stronger than any of those named, because it
involves a forfeiture ; and, in such cases, the greatest strictness
of proof is required. *Bradstreet* v. *Clark,* 21 Pick. 389, 396.
Besides ; the defendants had ample security for the premium
note, in their lien upon the estate.

BIGELOW, C. J. The trial of this case seems to have pro-
ceeded on the ground that the validity of the policy, on which
the plaintiff seeks to recover, depends on the question, whether,

according to the true construction of the last clause of the six-teenth article of the by-laws, it appears, by the facts in proof, that the plaintiff has neglected, for the term of thirty days, to pay assessments upon his premium note, when requested to do so by mail. If he has, then it is admitted that, by the express terms of the contract, the policy is void.

The interpretation of this clause is not free from difficulty; but, looking at the manifest purpose for which it was inserted in the contract, and construing it in the light furnished by anal-ogous cases, we are of opinion that the plaintiff has not com-plied with the stipulation, and is not entitled to recover on the policy. There can be no doubt that the clause was intended for the benefit of the insurers. The company was chartered as a corporation designed to make contracts of insurance mainly on the mutual principle. It necessarily depended in great measure on the prompt and punctual payment of assessments on its premium notes, for its resources to pay losses and other claims for which it might be held liable. It was, therefore, important to adopt some mode by which notice of such assess-ments could readily be given to the holders of policies, and their immediate payment enforced. It would manifestly be attended with great difficulty and embarrassment, if the corporation was compelled to demand payment of the signers of each of their premium notes personally, or, in case of neglect to pay on demand, to resort to legal process to collect such assessments which might be laid in the prosecution of their business. The cost and delay of making collections in the ordinary way of small sums from many persons, scattered over a large extent of territory, would be very burdensome, and render the income of the corporation uncertain and precarious. It was, doubtless, to obviate these difficulties that the clause of the by-law under consideration was inserted. Nor was it an unreasonable stipu-lation. The chief consideration of the contract of insurance was the premium note; and the assured could not reasonably claim the benefit of his policy, unless he was willing to agree to some mode in which the corporation could claim the prompt fulfilment of his part of the contract. By the stipulation to pay

on a demand made by mail, the assured agreed to accept the risks which that method of giving notice necessarily involved. The duty of the corporation was performed by placing a notice in the post-office, duly directed to the assured. This was all that could be done by them in fulfilling their part of the stipulation. They could not follow the letter to its destination, nor prove that it was actually received by the assured. A request by mail is a familiar phrase, and has a well understood meaning. It does not import that the person to whom it is addressed shall receive it, but only that the person by whom it is to be made shall deposit in the post-office a written request, duly directed, so that, in the usual course of mail, it will reach its destination. *Shed* v. *Brett*, 1 Pick. 401. Such was the intention of the parties in the present case. Any other construction of the contract would defeat the very purpose of the stipulation, because it would render it more difficult for the corporation to prove a demand by mail and its receipt by the assured, than it would to show a personal demand on him for the assessment.

In support of this reasonable interpretation of this clause of the policy, we have the analogy of cases in which payment of a debt is established by proof of a remittance of the amount by mail. In all cases where, by the direction or agreement of a creditor, money is sent by mail in discharge of a debt, proof that a letter, containing the requisite sum, duly sealed and directed, was deposited in the post-office, is sufficient to maintain a plea of payment. *Warwicke* v. *Noakes*, 1 Peake R. 67 *Hawkins* v. *Rutt*, Ib. 186. *Kington* v. *Kington*, 11 M. & W 233. These decisions rest on the principle that the debtor has done all that was in his power to perform the contract, and that the risk of transmission was assumed by the creditor. We are unable to see that the same principle is not applicable to the contract which forms the subject of the present controversy. The defendants, whose duty it was to make the request, transmitted it in the manner stipulated by the contract. They could do nothing further. They did not agree that the plaintiff should receive their letter. Nor was it the agreement of the parties that the request, to be binding on the plaintiff, should be

received by him. The contingency of the failure of the notice to reach him through the mail was not provided for by the contract, and cannot therefore be set up as forming a valid ground on which to defeat its express stipulations.

The evidence stated in the bill of exceptions does not show that the assured had changed his domicil, at the time the notice was sent to him by mail at Roxbury. It proves only a temporary absence, of which the defendants had no notice. But if it were otherwise, and it had appeared that the plaintiff had changed his domicil, we do not think the duty of the defendants would have been changed. The stipulation for a notice to the assured by mail must be construed with reference to the other parts of the contract, in which he is described as a resident of Roxbury, and is an agreement to give such notice to him at that place. He could not avoid this part of his contract, and defeat the stipulated effect of the request by mail, by changing his place of residence without notice to them. Until such notice, the defendants performed their part of the contract by sending notices addressed to him at the place in which he was described as residing at the time the policy was issued.

*Exceptions sustained.*